

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00570-CR

Tommy Shawn **RIECK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5851W
Honorable Philip A. Kazen Jr., Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  October 9, 2013

DISMISSED

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal."  The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the underlying case is a plea-bargain case.  *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) of the Texas Rules of Appellate Procedure states "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

On September 11, 2013, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that the appellant has the right of appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.).

On September 23, 2013, Appellant's court-appointed counsel from the Bexar County Appellate Public Defender's Office filed a response stating that he had reviewed the record, and it showed that Appellant "waived the right of appeal in writing as part of his plea bargain with the State." He concluded that this court "has no choice but to dismiss the appeal."

Given the record and Appellant's response, Rule 25.2(d) requires this court to dismiss this appeal. Accordingly, the appeal is dismissed.

PER CURIAM

DO NOT PUBLISH